IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,606-01






EX PARTE LEMMUEL NIVEK HATCHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16292B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to thirty years' imprisonment. The Eleventh
Court of Appeals affirmed his conviction. Hatcher v. State, No. 11-08-00193-CR (Tex.
App.-Eastland 2009, no pet.).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he elicited prejudicial testimony from Applicant's mother and failed to prepare for trial and
to request an accomplice witness instruction. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether counsel elicited prejudicial
testimony from Applicant's mother, was prepared for trial, and requested an accomplice witness
instruction. The trial court shall then make conclusions of law as to whether counsel's performance
was deficient. If the trial court concludes that counsel's performance was deficient, it shall make
conclusions of law as to whether Applicant was prejudiced. Specifically, the trial court shall
determine what, if any, defenses were available to Applicant and what non-accomplice witness
evidence tended to connect Applicant to the commission of the offense. Tex. Code Crim. Proc. art.
38.14. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of
Applicant's trial shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: May 26, 2010

Do not publish